# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                                      **Case No. 09-CR-140**

**THOMAS VITRANO**
        **Defendant.**

## DECISION AND ORDER

### I. BACKGROUND

Defendant Thomas Vitrano is currently serving a 30 year prison sentence under the Armed Career Criminal Act ("ACCA"). See United States v. Vitrano (Vitrano II), 495 F.3d 387 (7th Cir. 2007) (affirming this sentence on direct appeal). The ACCA provides for a sentence of 15 years to life if the defendant possessed a firearm following three convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). Defendant's ACCA status was based on two convictions for recklessly endangering safety and one conviction for escape, which the court found to be violent felonies.

On March 20, 2008, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 case, in which he claimed to have located a "discharge certificate" restoring civil rights related to one of his ACCA predicates. Under 18 U.S.C. § 921(a)(20), a conviction for which the person has had civil rights restored does not count as a predicate under the ACCA. If this predicate is removed, defendant's maximum possible sentence drops to 10 years. See United States v. Vitrano (Vitrano I), 405 F.3d 506 (7th Cir. 2005) (discussing discharge certificates and § 921(a)(20)).

Following several extensions, on May 15, 2009, the government filed a response to the § 2255 motion, arguing that the discharge certificate was a fake and presenting evidence in support of that argument. On June 4, 2009, the government obtained the indictment in this case, charging defendant with making false declarations before a court, 18 U.S.C. § 1623(a), attempting to corruptly influence an official proceeding, 18 U.S.C. § 1512(c)(2), and intimidation of a witness, 18 U.S.C. § 1512(b)(1). On June 5, 2009, the judge handling the § 2255 motion, Judge Randa, ordered that it be held in abeyance pending resolution of the criminal case.

In December 2009, with the agreement of the parties, I asked Judge Randa to decide the § 2255 motion, as the resolution of that motion could impact the handling of this case. Judge Randa then ordered defendant to reply to the government's May 2009 response. On January 12, 2010, defendant, via counsel, filed a motion to amend his petition to raise legal challenges to his ACCA predicates. Specifically, he argued that based on recent legal developments his three predicates no longer qualified. See Chambers v. United States, 129 S. Ct. 687 (2009) (holding that an escape conviction did not qualify); United States v. Smith, 544 F.3d 781 (7th Cir. 2008) (holding that, under Begay v. United States, 128 S. Ct. 1581 (2008), crimes with a mens rea of negligence do not qualify). He did not specifically address the discharge certificate issue. On April 1, 2010, Judge Randa denied the motion to amend and dismissed the § 2255 case.

The government now seeks leave to introduce, as an admission by a party opponent, evidence of defendant's failure to respond to the government's evidence of fraud in the § 2255 case. I deny the request.

## II. DISCUSSION

Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay if:

2

> The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Under this Rule, a defendant's silence can sometimes be construed as an admission, see, e.g., United States v. Ward, 377 F.3d 671, 676 (7th Cir. 2004), and the admissions of a lawyer can sometimes be attributed to his client, e.g., United States v. Harris, 914 F.2d 927, 931 (7th Cir. 1990). The government relies on these cases to argue that it should be permitted to introduce evidence of defendant's silence, i.e. his failure to respond to the government's allegation of fraud, in the § 2255 reply filed by his counsel.

The parties debate whether, under these circumstances, the silence amounts to a relevant admission, but even if it does, I conclude that the evidence should be excluded under Fed. R. Evid. 403. That Rule permits the court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Admission of this evidence would force the trial into an unnecessary detour into § 2255 procedure and practice, including the nature and significance of motions to amend a pleading. Such concepts could prove confusing to the jury. It would also necessitate testimony, presumably from defendant's § 2255 counsel, about whether the reply submission was based on legal strategy or amounted to a concession on the discharge certificate issue. Indeed, defendant indicates that if called to testify his § 2255 counsel would say that he advised

3

defendant that the issues of law raised in the motion to amend stood a far better chance of success than engaging in a credibility fight over the discharge certificate.[1] Counsel will apparently further state that he never warned defendant that following his recommended course could be construed as an admission in this criminal case. Requiring the presentation of such testimony as to litigation strategy could constitute an unwarranted intrusion into the attorney-client relationship. See Harris, 914 F.2d at 931 (holding that a more exacting standard must be demanded for admission of statements by attorneys under Rule 801(d)(2) in order to avoid trenching upon the important policies underlying the attorney-client relationship).

Balanced against the significant danger of jury confusion, trial delay, and prejudice to the attorney-client relationship is the marginal probative value of this evidence. In the typical case of admission by silence, an accusatory statement of the sort that a reasonable person would ordinarily deny, if untrue, is made in the party's presence; the party understands the statement; and the party has an opportunity to deny the statement, but fails to do so. See Ward, 377 F.3d at 675-76. Those circumstances are not really present here.

The pertinent accusation – that the discharge certificate was fake – was made not in defendant's presence but rather in a court filing served on defendant's counsel in May of 2009. Further, it is far from clear whether, given the apparent change in strategy in the § 2255 litigation, one would expect defendant's counsel to reply to the government's accusation. See Southern Stone Co., Inc. v. Singer, 665 F.2d 698, 703 (5th Cir. 1982) ("[T]he mere failure to respond to a letter does not indicate an adoption unless it was reasonable under the

---

[1]In his reply brief in support of the motion to amend, defendant's § 2255 counsel made essentially this point, noting that the legal issues raised in the amended pleading would be "relatively easy to resolve compared with the documentary and historical analysis required to evaluate the authenticity of the discharge certificate." (Case No. 08-C-257, R. 31 at 3.)

4

circumstances for the sender to expect the recipient to respond and to correct erroneous assertions."); United States v. Flecha, 539 F.2d 874, 877 (2d Cir. 1976) (explaining that silence should be construed as an admission only where there are circumstances making it more reasonably probable that a man would answer the charge made against him than that he would not). The failure to "deny" the accusation, if a motion to amend can even be deemed such a failure, came from counsel in January 2010. The government seeks to introduce this evidence to show that defendant knew the discharge certificate was fake when he filed the § 2255 motion in March of 2008. Given the nature of these exchanges between the lawyers and the timing, the probative value of this evidence seems slight. Finally, it appears, based on the submissions to date, that the government has far stronger evidence on this issue.

The government cites no case holding that a lawyer's filing of an amended pleading in a civil case constitutes an admission properly used against his client in a criminal case, and I have found none. Balancing the marginal value of this evidence – a possible admission by silence through an agent – against the danger of prejudice, jury confusion, and trial delay, I exclude the evidence under Rule 403.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion in limine (R. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5