# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                        Case No. 09-CR-140

**THOMAS VITRANO**
        **Defendant.**

---

## DECISION AND ORDER

### I. BACKGROUND

In 2003, defendant Thomas Vitrano pleaded guilty before Judge Rudolph Randa to possessing a firearm as a felon and while subject to a domestic abuse injunction, contrary to 18 U.S.C. § 922(g). At sentencing, the parties disputed whether defendant qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). The ACCA provides that a § 922(g) defendant with three previous convictions for a "violent felony" or a "serious drug offense" faces a sentencing range of 15 years to life, rather than the otherwise applicable range of 0-10 years. Compare 18 U.S.C. § 924(e)(1), with 18 U.S.C. § 924(a)(2).

Defendant's pre-sentence report ("PSR") listed three possible ACCA predicates, recklessly endangering safety in 1977 and 1988 and escape in 1995, but did not recommend the enhanced sentence. The government objected, and the dispute between the parties centered on whether defendant had been "discharged" from his 1977 conviction after completing that sentence in 1983, such that the conviction no longer counted under 18 U.S.C. § 921(a)(20). Section 921(a)(20) provides, in pertinent part:

> Any conviction which has been expunged, or set aside or for which a person has

been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Defendant could not locate a copy of his "discharge certificate" from the 1977 conviction, so the parties obtained sample discharge orders from 1983 stored at the Wisconsin Historical Society.

> [Defendant] submitted several sample orders, which all stated "[defendant] be, and hereby is, discharged absolutely." The Government submitted five types of orders, which provided: (1) "[a]ny civil rights lost as a result of such judgments of conviction are restored by virtue of this discharge"; (2) the defendant "be and, hereby is, discharged absolutely"; (3) "the aforesaid be, and hereby is, discharged"; (4) the defendant "be, and hereby is, discharged from said judgment or order only"; and (5) the defendant "is discharged and released from any further custody and control of or by the State of Wisconsin."

United States v. Vitrano (Vitrano I), 405 F.3d 506, 508 (7th Cir. 2005) (internal record citations omitted). Defendant argued that under any of these sample discharges the 1977 conviction could not count because none of the forms contained language that expressly notified him that he could not possess a firearm.[1] The government argued that only the first sample discharge order would have restored defendant's civil rights and thus needed an express firearms reservation; it further argued that defendant could not establish by a preponderance of the evidence that he had received that type of order rather than one of the other four types. Vitrano, 405 F.3d at 508. Judge Randa agreed with defendant, found the ACCA inapplicable

---

[1] See United States v. Erwin, 902 F.2d 510, 512-13 (7th Cir.1990) ("If the state sends the felon a piece of paper implying that he is no longer 'convicted' and that all civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher."); see also Buchmeier v. United States, 581 F.3d 561 (7th Cir. 2009) (re-affirming the Erwin rule).

2

and imposed a 10 year sentence. Id. at 508-09.

The government appealed, and the Seventh Circuit reversed. The court of appeals agreed with the government that only the first sample discharge certificate, stating that "[a]ny civil rights lost as a result of such judgments of conviction are restored by virtue of this discharge," would permit defendant to prevail. None of the other four types of certificates defendant might have received purported to restore civil rights, and the court found that a person receiving any one of those discharges would not be misled into believing that the certificate also gave him a right to possess firearms. Id. at 510. The court concluded: "Because defendant could not show by a preponderance of the evidence that he received a discharge certificate whose language might be read reasonably to restore all of his civil rights, such that he would be misled if not informed that firearms were prohibited, § 921(a)(20) is not implicated." Id. On remand, Judge Randa sentenced defendant to 30 years in prison under the ACCA. See United States v. Vitrano (Vitrano II), 495 F.3d 387 (7th Cir. 2007) (affirming this sentence on defendant's direct appeal).

In March of 2008, defendant filed a motion under 28 U.S.C. § 2255 to vacate his ACCA sentence. In the motion, he alleged that his friend, Scott Valona, located the 1983 discharge certificate, which contained the language required by the Seventh Circuit. The government believes that the certificate is a fake, and in June of 2009 obtained an indictment charging defendant in count one with making a material false declaration to the court, contrary to 18 U.S.C. § 1623(a), by claiming that Valona found the certificate, and in count two with attempting to corruptly influence the § 2255 proceeding, contrary to 18 U.S.C. § 1512(c)(2), by filing the fake certificate. That indictment is before me now, and the case is scheduled for trial.

The parties have filed pre-trial briefs regarding the manner in which the government

3

must prove materiality on count one. Under the Seventh Circuit's pattern jury instruction for § 1623 offenses,

> A statement is material if it had the effect of impeding, interfering with or influencing the court in the matter it was considering, or had the potential or capability of doing so. It is not necessary that the statement actually have that effect, so long as it had the potential or capability of doing so.

Pattern Criminal Federal Jury Instructions for the Seventh Circuit 267 (1998), http://www.ca7.uscourts.gov/Pattern_Jury_Instr/pjury.pdf.; see also United States v. Akram, 152 F.3d 698, 700 (7th Cir. 1998) ("Material statements are those that have a natural tendency to influence, or are capable of influencing, the decision of the decisionmaking body to which it was addressed.").

Defendant contends that only Judge Randa, the "court" to whom the statement was made, can testify as to its materiality. The government responds that the standard is objective, not subjective, and that testimony from Judge Randa is therefore unnecessary. The government indicates that it could present testimony from an ATF agent as to the legal effect of the discharge certificate, or preferably, I could instruct the jury that, as a matter of law, the discharge certificate, if accepted as genuine, would have the effect of reducing defendant's sentence from 30 years to no more than 10.[2] From that premise, the government would then argue materiality to the jury. Defendant replies that the ATF agent lacks the legal expertise to offer testimony on this issue, and that instructing the jury as the government proposes would be tantamount to directing a verdict for the government on the materiality element. See United States v. Gellene, 182 F.3d 578, 590 (7th Cir. 1999) (noting that materiality under § 1623(a)

---

[2]The government notes that I can also take judicial notice of "adjudicative facts" under Fed. R. Evid. 201, but suggests that this Rule is a poor fit for these circumstances. I agree and do not discuss this option further.

4

is an element of the prosecution's case and must therefore be submitted to the jury and proven beyond a reasonable doubt); United States v. Gant, 119 F.3d 536, 538-39 (7th Cir. 1997) (noting that materiality under § 1623 is a question for the jury).

## II. DISCUSSION

"Materiality" is an objective rather than a subjective concept, see, e.g., TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 445 (1976); Michaels v. Michaels, 767 F.2d 1185, 1196 (7th Cir. 1985); Nevarez v. O'Connor Chevrolet, Inc., 426 F. Supp. 2d 806, 817 (N.D. Ill. 2006), and may be proven in a variety of ways, e.g., United States v. Leon-Reyes, 177 F.3d 816, 820 (9th Cir. 1999); see also United States v. Awadallah, 401 F. Supp. 2d 308, 315 (S.D.N.Y. 2005). Although in some cases the plaintiff or prosecutor may choose to call the recipient of the allegedly false or fraudulent statement in order to demonstrate materiality, courts have not required that. See, e.g., United States v. Reyes, 577 F.3d 1069, 1075 (9th Cir. 2009); Cirone-Shadow v. Union Nissan of Waukegan, 955 F. Supp. 938, 944 (N.D. Ill. 1997); see also United States v. Burge, No. 08 CR 846, 2009 WL 3597950, at *4 (N.D. Ill. Oct. 27, 2009) ("The materiality of the statement would be obvious to a reasonable person.").[3] It follows that the jury in this case, if properly instructed on the law, need not hear from Judge Randa to find materiality. See Gellene, 182 F.3d at 591-92 (finding that the government presented sufficient evidence of materiality in a bankruptcy fraud trial, at which the bankruptcy judge did not testify, based on the testimony of the defendant's partner); see also Akram, 152 F.3d at 700-02

---

[3]Because the standard is objective, courts have also held that the recipient's subjective belief in the statement does automatically not make the statement material. See, e.g., United States v. Kamdar, No. 04-CR-156A, 2010 WL 883685, at *8 (W.D.N.Y. Mar. 8, 2010) ("Materiality is an objective matter, not necessarily limited by the purported victim's own subjective estimate of materiality.").

5

(evaluating materiality of false trial testimony objectively, based on the facts of the case, without reference to testimony from the jurors who heard the case).

Defendant notes that in Gant, a § 1623 case involving perjury before the grand jury, the government presented testimony from the grand jury foreperson. 119 F.3d at 539. But that testimony pertained to the scope of the grand jury's investigation and, in any event, the court of appeals never suggested that such testimony was necessary to prove materiality; indeed, the court evaluated materiality objectively, without specific reference to the foreperson's testimony. Id. Defendant cites no case holding that testimony from the particular judge or official to whom the statement was addressed is necessary to find materiality under § 1623 or any similar statute, and I have found no such case.

So how, then, will the government prove materiality? The government notes that the sufficiency of its proof is not a matter appropriately decided by the court before trial. It is appropriate, through, to address pre-trial the evidentiary and jury instruction issues raised in the parties' briefs.

Permitting the ATF agent to testify as to the legal effect of a discharge certificate would not be proper. See United States v. Caputo, 517 F.3d 935, 942 (7th Cir. 2008) (upholding the exclusion of expert testimony about the meaning of a statute because the "only legal expert in a federal courtroom is the judge"). However, I see no reason why it would not be appropriate to instruct the jury that a discharge certificate containing the language identified in Vitrano I would, if accepted as genuine, have the legal effect of knocking out the ACCA predicate to which it pertained. This legal issue was resolved by the court of appeals in Vitrano I, and defendant accordingly cannot argue that such an instruction would not be a correct statement

6

of the law.[4]

Nor would such an instruction amount to a directed verdict on the materiality element; it would merely provide the jury with the legal information it needs to decide materiality based on the particular facts of the case. See, e.g., United States v. McIntosh, 124 F.3d 1330, 1337 (10th Cir. 1997) (rejecting the defendant's argument "that an instruction stating that he had a duty to disclose his assets in the bankruptcy proceeding effectively directed a verdict on materiality" in a bankruptcy fraud case); see also United States v. O'Malley, 796 F.2d 891, 897-98 (7th Cir. 1986) (rejecting the defendants' argument that the court improperly directed a verdict on the commerce element in a Hobbs Act case where the court instructed the jury that, if it found certain facts, it was instructed that commerce was affected). Further, nothing in such an instruction would ease the government's burden of proving that defendant's statement regarding Valona's discovery of the certificate was false, or that the certificate itself was a fake.

## III. CONCLUSION

As the Seventh Circuit recently reiterated, "What the government must prove is a question of law for the court; whether the government has adequately proved what it needs to is a question of fact for the jury." United States v. Sanchez, No. 09-2666, 2010 WL 1688525, at *4 (7th Cir. Apr. 28, 2010). For the reasons set forth above, I will provide the jury with an appropriate instruction as to the legal effect of the discharge certificate.[5] This will permit the

---

[4]By arguing that the ATF agent lacks the "formal training in the study of the law that would make him competent to render an opinion on such a complicated legal [issue]" (R. 37 at 2), defendant essentially concedes that this is a legal issue for the court. See Caputo, 517 F.3d at 942 (holding that the meaning of a statute is "a subject for the court, not for testimonial experts").

[5]I will consult with the parties further before settling on the final language of the instruction. The government's proposal, which refers to the document defendant submitted,

7

jury to perform its task of determining whether the government has proven all of the elements of the offense, including materiality.[6]

Dated at Milwaukee, Wisconsin, this 10th day of May, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

may be too fact-specific. (R. 39 at 4.) It may be more appropriate to instruct the jury generally that a certificate containing the words identified by the court of appeals in Vitrano I would have the legal effect of removing that ACCA predicate. From this legal premise, the parties may argue materiality and the other pertinent issues to the jury.

[6]During previous hearings, defendant suggested that he might argue that his statement was not material because the ACCA predicate at issue no longer qualifies as a violent felony based on changes in the law. He does not address that argument in his memorandum, and I assume he therefore no longer intends to pursue it.

8