# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                                     Case No. 09-CR-140

**THOMAS VITRANO**
        Defendant.

## DECISION AND ORDER

### I. BACKGROUND

The government charged defendant Thomas Vitrano with making a material false declaration to a court, contrary to 18 U.S.C. § 1623(a), attempting to corruptly influence a court proceeding, contrary to 18 U.S.C. § 1512(c)(2), and witness tampering, contrary to 18 U.S.C. § 1512(b)(1). The government alleged that defendant, serving a 30 year prison sentence for unlawful firearm possession pursuant to the Armed Career Criminal Act ("ACCA"), filed a fraudulent motion under 28 U.S.C. § 2255 attacking the sentence, then attempted to threaten or coerce a witness in the case.

The ACCA requires a sentence of 15 years to life if the defendant has three predicate convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). However, under 18 U.S.C. § 921(a)(20), any conviction for which the defendant has had civil rights restored does not count, unless the restoration expressly provided that the defendant may not possess firearms. In defendant's firearm possession case, the parties disputed whether defendant had his civil rights restored in one of his putative ACCA predicates, a 1977 recklessly endangering safety conviction. Defendant could not locate a copy of his "discharge certificate"

from the 1977 case, so the parties obtained five sample discharge orders from the Wisconsin Historical Society. The district judge concluded that any of these sample orders would have sufficed to effect a restoration, but on the government's appeal the Seventh Circuit held that only one of the five would have restored defendant's civil rights and thus needed an express firearms reservation. And because defendant could not establish by a preponderance of the evidence that he had received that type of order (rather than one of the other four types), the 1977 conviction counted. United States v. Vitrano (Vitrano I), 405 F.3d 506, 508-10 (7th Cir. 2005). On remand, the district judge sentenced defendant to 30 years in prison under the ACCA. See United States v. Vitrano (Vitrano II), 495 F.3d 387 (7th Cir. 2007) (affirming this sentence on defendant's direct appeal).

In a § 2255 motion filed in March of 2008, defendant alleged that his friend, Scott Valona, located the discharge certificate, which contained the restoration language required by the Seventh Circuit. The government concluded that the certificate was a fake and obtained an indictment charging defendant with making a material false declaration to the court, by claiming that Valona found the certificate, and with attempting to corruptly influence the § 2255 proceeding, by filing the fake certificate. The government also charged defendant with attempting to corruptly influence Valona's testimony before the grand jury investigating the alleged fraud.

## II. TRIAL

The case proceeded to trial. The government introduced the § 2255 motion, which purports to bear defendant's signature (under penalty of perjury). Attached to the motion were copies of the discharge certificate and an affidavit signed by Valona in which Valona claimed that he found the certificate while looking through defendant's files. (Govt.'s Ex. 2.) An ATF

2

agent, tasked with investigating the authenticity of the certificate, testified that he provided the "originals" of the certificate, along with historical samples of such certificates, to the state crime lab. (Govt.'s Ex. 4b, 5b, 30, 32.) A forensic document examiner from the crime lab testified that defendant's certificates were not genuine. The government also called state Department of Corrections employees, who testified that such a form would not have been issued in defendant's circumstances.

Valona testified that, contrary to the story in his affidavit, he did not find the certificate among defendant's business files; rather, defendant sent it to him. He further testified that, after he received a grand jury subpoena, defendant sent him various letters regarding his testimony, telling him, <u>inter alia</u>, not to "flip the script on me" (Govt.'s Ex. 24), "to stay with me on this" (Govt.'s Ex. 25), not to "come clean" (Govt.'s Ex. 27, 28), and that "no one likes a rat in the joint" (Govt's Ex. 28).[1]

Defendant reserved a motion for acquittal at the close of the government's case, then rested without presenting a defense case. Outside the presence of the jury, he argued in support of the motion for acquittal that the government presented no evidence that he filed the § 2255 motion, failed to prove that he signed the motion, and made no connection between the certificate attached to the motion and the exhibits presented in court and analyzed by the crime lab.[2] I reserved decision and submitted the case to the jury, which convicted on all three counts. I now deny defendant's motion.

---

[1] I have, in this decision, presented a highly abbreviated version of the evidence.

[2] Defendant made no argument regarding count three.

3

## III.  DISCUSSION

**A.   Applicable Legal Standard**

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  A defendant challenging the sufficiency of the evidence presented to the jury "bears a heavy, indeed, nearly insurmountable, burden."  United States v. Warren, 593 F.3d 540, 546 (7th Cir. 2010).  In order to succeed, the defendant must convince the court that no rational trier of fact could have found him guilty beyond a reasonable doubt.  United States v. Woods, 556 F.3d 616, 621 (7th Cir. 2009).  In considering such a challenge, the court considers the evidence in the light most favorable to the government, defers to the credibility determinations of the jury, and overturns a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.  United States v. Huddleston, 593 F.3d 596, 601 (7th Cir. 2010).[3]

**B.   Analysis**

While the government presented no direct evidence as to precisely how the § 2255 motion reached the clerk's office, it presented more than sufficient circumstantial evidence from which the jury could find that defendant filed the document.  Similarly, while the government presented no handwriting analysis confirming defendant's signature on the document, the jury could reasonably infer, from the circumstances, that he signed the document directly beneath

---

[3]If the court reserved ruling on a Rule 29 motion made during trial, it decides the motion based on the evidence at the time ruling was reserved.  See Charles A. Wright, Federal Practice and Procedure § 462, at 282 (2000).  However, because defendant presented no evidence in this case, the analysis is the same.

4

the penalty of perjury statement. In two of the letters he sent Valona, defendant referred to the motion he had filed (Govt.'s Ex. 11, 12), and the record contains no evidence that someone else signed or filed the § 2255 motion on defendant's behalf or without his knowledge. Finally, the jury could reasonably find, simply by looking at the documents, that the certificate attached to defendant's § 2255 motion was a copy of the "original" forms analyzed by the crime lab. Moreover, defendant in one of his letters referred to the testing being done on his certificate. (Govt.'s Ex. 14.)

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's Rule 29 motion is **DENIED**.

**IT IS FURTHER ORDERED** that, on the agreement of the parties, the sentencing set for August 26, 2010, is **ADJOURNED** and will be reset at a late date.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge