# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                         **Case No. 09-CR-140**

**THOMAS VITRANO**
       **Defendant.**

## ORDER

Defendant Thomas Vitrano has filed several documents seeking immediate release from prison. I first set forth the lengthy procedural history of the case before turning to defendant's filings.

## I.

In 2002, in Case No. 02-CR-199, the government charged defendant with unlawful possession of a firearm, 18 U.S.C. § 922(g)(1), under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Ordinarily, a violation of § 922(g)(1) carries a statutory penalty range of 0-10 years in prison, but the ACCA requires a sentence of 15 years to life if the defendant has three previous convictions for certain serious felonies. In determining ACCA predicates, 18 U.S.C. § 921(a)(20) provides that any conviction for which the defendant has had civil rights restored does not count, unless the restoration expressly provided that the defendant may not possess firearms. The parties disputed whether defendant had his civil rights restored in one of his putative ACCA predicates, a 1977 recklessly endangering safety conviction. Defendant could not locate a copy of his "discharge certificate" from the 1977 case, so the parties obtained five sample discharge orders from the Wisconsin Historical Society. Judge Randa

concluded that any of these sample orders would have sufficed to effect a restoration, but on the government's appeal the Seventh Circuit held that only one of the five would have restored petitioner's civil rights and thus needed an express firearms reservation. And because petitioner could not establish by a preponderance of the evidence that he had received that type of order (rather than one of the other four types), the 1977 conviction counted. United States v. Vitrano, 405 F.3d 506 (7th Cir. 2005). On remand, the Judge Randa sentenced defendant to 30 years in prison under the ACCA. United States v. Vitrano, 495 F.3d 387 (7th Cir. 2007).

In March of 2008, defendant filed a motion under 28 U.S.C. § 2255 attacking the ACCA sentence, claiming that his friend located a discharge certificate containing the restoration language required by the Seventh Circuit. The government concluded that the certificate was a fake and obtained an indictment in Case No. 09-CR-140 charging defendant with making a false declaration to a court, 18 U.S.C. § 1623(a), attempting to corruptly influence a court proceeding, 18 U.S.C. § 1512(c)(2), and threatening a witness, 18 U.S.C. § 1512(b)(1). A jury convicted defendant of all three counts, and on August 26, 2013, I sentenced him to 120 months in prison, with 72 months running concurrently and 48 months consecutively to the sentence in Case No. 02-CR-199. The Seventh Circuit affirmed on direct appeal, United States v. Vitrano, 747 F.3d 922 (7th Cir. 2014), and I later denied defendant's § 2255 motion attacking his convictions and sentence in Case No. 09-CR-140. Vitrano v. United States, No. 15-C-292, 2015 U.S. Dist. LEXIS 37609 (E.D. Wis. Mar. 25, 2015).[1]

---

[1] I have omitted the procedural history of the fraudulent § 2255 motion challenging the sentence in Case No. 02-CR-199, which was ultimately denied. See Vitrano v. United States, 721 F.3d 802 (7th Cir. 2013).

2

On June 26, 2015, the Supreme Court struck down part of the ACCA as unconstitutionally vague, Johnson v. United States, 135 S. Ct. 2551 (2015), and the Seventh Circuit subsequently determined that Johnson announced a new substantive rule that applied retroactively, Price v. United States, 795 F.3d 731 (7th Cir. 2015). On September 29, 2015, the Seventh Circuit granted defendant permission to file a second or successive § 2255 motion attacking his ACCA sentence under Johnson. On October 28, 2015, Judge Randa granted defendant's motion, vacated the 30-year ACCA sentence, and re-sentenced defendant to 120 months.

**II.**

On November 10, 2015, defendant filed a letter in Case No. 09-CR-140 indicating that he had served more than 13 years in federal prison. Adding good time credits, he stated that he had served more than the 14 years required by his two sentences. He asked that I clarify the matter with the Bureau of Prisons Designation and Sentence Computation Center so that he could be properly credited for time served and released. On November 18, 2015, I responded by letter that the BOP, not the sentencing court, determines issues of sentence credit and execution, and that inmates dissatisfied with the Bureau's determination may after exhausting administrative remedies challenge it under 28 U.S.C. § 2241.

On November 19, 2015, defendant filed two documents under Case No. 09-CR-140. First, he filed a motion pursuant to Fed. R. Crim. P. 36[2] in which he argued that there was a clerical error in the court's judgment and order (ostensibly the one Judge Randa issued on

---

[2] Rule 36 allows the district court to correct clerical errors in the record at any time. It does not permit substantive changes. See, e.g., United States v. Johnson, 571 F.3d 716, 718 (7th Cir. 2009).

3

October 28, 2015 in Case No. 02-CR-199) in that the order did not indicate that the additional three plus he had served should be applied to the 48 month consecutive sentence I imposed in Case No. 09-CR-140, not applied to a possible revocation in Case No. 02-CR-199.[3] He attached to the motion a copy of a BOP sentence computation data sheet which indicates that the BOP advised Judge Randa's clerk that the sentence Judge Randa imposed ended on 8/11/2011 and that the over-served time would apply to a revocation.

Second, defendant filed a complaint for writ of mandamus pursuant to 28 U.S.C. § 1361 seeking an order compelling his immediate release from BOP custody. In that filing, he again referenced the data sheet regarding the over-served time, indicating that he was entitled to mandamus compelling Judge Randa and/or Judge Randa's clerk to correct the record to reflect the immediate release from custody.

On November 23, 2015, defendant filed in both this case and Case No. 15-C-1252 an emergency motion under Civil Local Rule 7.1(a)[2] seeking immediate release from prison. In that filing, he again indicated that he was entitled to release from the 10 year sentence in Case No. 02-CR-199 and 4 year consecutive sentence in Case No. 09-CR-140 given the 13 ½ years he had served (equating to 15 years with good time). Defendant further argued that the court has habeas corpus jurisdiction to remedy the BOP's improper execution of his sentences. He concluded by requesting an order that his prison warden be ordered to release him.

---

[3]Defendant filed an identical Rule 36 motion in Case No. 15-C-1252, the successive § 2255 action before Judge Randa, on November 17, 2015.

[2]Civil Local Rule 7.1(a) prescribes the form of motions and supporting papers filed in this district.

4

**III.**

Defendant has with his filings provided a sentence computation data sheet related to the sentence I imposed, which lists jail credit from 8/12/2011 (the day after Judge Randa's sentence in Case No. 02-CR-199 ended) to 8/25/2013 (the day before I sentenced defendant in Case No. 09-CR-140). Therefore, it does not appear that the BOP is holding the over-served time for a possible revocation but rather has credited it towards the 120 month sentence I imposed. Defendant's real complaint seems to be that the BOP is treating the sentence I imposed as a 120 month term (commencing on 8/26/2013, the date it was imposed, with the credit indicated above), rather than as a 48 month term commencing on 8/12/2011 (when Judge Randa's sentence ended).

As I indicated by my November 18, 2015 letter, a prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in the district of his confinement following exhaustion of available administrative remedies. E.g., United States v. Vance, 563 Fed. Appx. 277, 278 (4th Cir. 2014). Defendant identifies no clerical errors in the record of Case No. 09-CR-140,[3] and Judge Randa may correct any errors he sees in his case. Defendant provides no authority for one district court judge to mandamus another. Finally, I lack jurisdiction over the warden of FCI Hazelton in Bruceton Mills, WV, where defendant is now confined. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

---

[3] Nor does defendant allege that the sentence imposed in Case No. 09-CR-140 is unlawful. Because he has already filed a § 2255 motion attacking that sentence, he would need appellate permission to launch another collateral attack. See 28 U.S.C. § 2255(h).

5

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion to correct clerical error (R. 87) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's writ of mandamus (R. 88) and emergency motion for immediate release (R. 89) are **DISMISSED**.[4]

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[4]This dismissal is without prejudice to any § 2241 petition or other action defendant may file in the district of confinement.